UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

FRED H, ISAACSON,

    Plaintiff,

v.

KAREN DANIELS, *et al.*,

    Defendants.

Case No.  C05-5497FDB

ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED

    This Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B).  Plaintiff filed this action naming at least six defendants.  He applied for and received *in forma pauperis*.

    The action challenges plaintiff's conviction as well as issues regarding his incarceration at the Thurston County Jail.  (Dkt. #5).  As part of the relief requested plaintiff seeks "an out of time direct appeal."  Apparently plaintiff is attempting to now challenge his conviction by way of civil rights action.

    A complaint is subject to dismissal prior to service with the dismissal counting as a strike for purposes of 28 U.S.C. 1915 (g).  When a complaint is frivolous, fails to state a claim, or contains a complete defense to the action on its face, the court may dismiss an *in forma pauperis* complaint before service of process under 28 U.S.C. § 1915(d).  <u>Noll v. Carlson</u>, 809 F.2d 1446, 575 (9th Cir.

ORDER
Page - 1

1987) (*citing* Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984)).  A plaintiff must allege a deprivation of a federally protected right in order to set forth a *prima facie* case under 42 U.S.C. §1983.  Baker v. McCollan, 443 U.S. 137, 140 (1979).

In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (l) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States.  Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327 (1986).  Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present.  Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).

Here, plaintiff challenges his plea agreement and access to courts for his criminal trial.  When a person confined by the state is challenging the very fact or duration of his physical imprisonment, and the relief he seeks will determine that he is or was entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.  Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).  In June 1994, the United States Supreme Court held that "[e]ven a prisoner who has fully exhausted available state remedies **has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus.**"  Heck v. Humphrey, 114 S.Ct. 2364, 2373 (1994)(emphasis added).  The court added:

> Under our analysis the statute of limitations poses no difficulty while the state challenges are being pursued, since the § 1983 claim has not yet arisen. . . . [A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.

Id. at 2374.  "[T]he determination whether a challenge is properly brought under § 1983 must be made based upon whether 'the nature of the challenge to the procedures [is] such as necessarily to imply the invalidity of the judgment.' *Id*.  If the court concludes that the challenge would necessarily imply the invalidity of the judgment or continuing confinement, then the challenge must be brought as a petition for a writ of habeas corpus, not under § 1983."  Butterfield v. Bail, 120 F.3d 1023, 1024 (9th Cir.1997) (*quoting* Edwards v. Balisok, 117 S.Ct. 1584, 1587 (1997)).

ORDER
Page - 2

Plaintiff asks the court to allow or order that he file a direct appeal. That is an issue plaintiff must bring to the state courts before filing in this court and the proper remedy appears to be in habeas corpus if plaintiff is seeking relief from incarceration.

The court is aware that this plaintiff previously filed for habeas relief. That action was dismissed without prejudice as the petition appeared to be a mixed petition and plaintiff did not amend or show the issues raised were exhausted. Plaintiff has not shown his conviction has been "reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." Heck v. Humphrey, 114 S.Ct. 2364, 2373 (1994). At this point, the court must dismiss the plaintiff's 42 U.S.C. § 1983 claim for failure to state a claim.

The court does not believe plaintiff can cure these defects, however, plaintiff should be given a chance to respond. Accordingly, plaintiff is **ORDERED TO SHOW CAUSE** why this action should not be dismissed. Plaintiff's response to this order is due on or before October 7th, 2005.

The clerk is directed to send a copy of this order to plaintiff and to note the October 7th, 2005 due date on the court's calendar.

DATED this 6th day of September, 2005.

>   /S/ J. Kelley Arnold
>   J. Kelley Arnold
>   United States Magistrate Judge