1

2

3

4

5

6

7

8

9                           UNITED STATES DISTRICT COURT
                           WESTERN DISTRICT OF WASHINGTON
10                                      AT TACOMA

11   FRED H. ISAACSON,

12                    Plaintiff,                    Case No.  C05-5497FDB

13          v.                                      REPORT AND
                                                    RECOMMENDATION
14   KAREN DANIELS *et al*.,
                                                    **NOTED FOR**
15                    Defendants.                   **December 9th, 2005**

16

17

18          This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge

19   pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and

20   MJR 4.  On September 6th, 2005 the court ordered plaintiff to show cause why this action should not be

21   dismissed as the action challenges the legality of plaintiff's current confinement.  (Dkt. # 6).  Plaintiff sought

22   and received and extension of time to respond.  (Dkt. # 7 and 8).  The time for a response has expired and this

23   action appears to challenge the propriety of plaintiff's current confinement.  Plaintiff has not responded to the

24   courts order to show cause.

25                                           FACTS

26          Plaintiff asks the court to mandate or allow him to file an "out of time appeal in state court."  (Dkt. # 5).

27   Plaintiff challenges conditions at the county jail but also seeks the ability to proceed in habeas.  The court

28   ordered plaintiff to show cause and specifically informed him:

REPORT AND RECOMMENDATION
Page - 1

1    A complaint is subject to dismissal prior to service with the dismissal counting as a
2    strike for purposes of 28 U.S.C. 1915 (g). When a complaint is frivolous, fails to state a claim,
     or contains a complete defense to the action on its face, the court may dismiss an in forma
3    pauperis complaint before service of process under 28 U.S.C. § 1915(d). Noll v. Carlson, 809
     F.2d 1446, 575 (9th Cir.1987) (citing Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir.
4    1984)). A plaintiff must allege a deprivation of a federally protected right in order to set forth a
     prima facie case under 42 U.S.C. §1983. Baker v. McCollan, 443 U.S. 137, 140 (1979).

5    In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (l) the
6    conduct complained of was committed by a person acting under color of state law and that (2)
     the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or
7    laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled on other
     grounds*, Daniels v. Williams, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to
8    remedy an alleged wrong only if both of these elements are present. Haygood v. Younger, 769
     F.2d 1350, 1354 (9th Cir.1985), *cert. denied*, 478 U.S. 1020 (1986).

9    Here, plaintiff challenges his plea agreement and access to courts for his criminal trial.
10   When a person confined by the state is challenging the very fact or duration of his physical
     imprisonment, and the relief he seeks will determine that he is or was entitled to immediate
11   release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas
     corpus. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). In June 1994, the United States
12   Supreme Court held that "[e]ven a prisoner who has fully exhausted available state remedies
     **has no cause of action under § 1983 unless and until the conviction or sentence is**
     **reversed, expunged, invalidated, or impugned by the grant of a writ of habeas**
13   **corpus**." Heck v. Humphrey, 114 S.Ct. 2364, 2373 (1994)(emphasis added). The court added:

14   Under our analysis the statute of limitations poses no difficulty while the state
15   challenges are being pursued, since the § 1983 claim has not yet arisen. . . . [A]
     § 1983 cause of action for damages attributable to an unconstitutional
16   conviction or sentence does not accrue until the conviction or sentence has been
     invalidated.

17   Id. at 2374. "[T]he determination whether a challenge is properly brought under § 1983 must be
     made based upon whether 'the nature of the challenge to the procedures [is] such as necessarily
18   to imply the invalidity of the judgment.' Id. If the court concludes that the challenge would
     necessarily imply the invalidity of the judgment or continuing confinement, then the challenge
19   must be brought as a petition for a writ of habeas corpus, not under § 1983." Butterfield v. Bail,
     120 F.3d 1023, 1024 (9th Cir.1997) (quoting Edwards v. Balisok, 117 S.Ct. 1584, 1587
20   (1997)).

21   Plaintiff asks the court to allow or order that he file a direct appeal. That is an issue
     plaintiff must bring to the state courts before filing in this court and the proper remedy appears
22   to be in habeas corpus if plaintiff is seeking relief from incarceration.  The court is aware that
     this plaintiff previously filed for habeas relief. That action was dismissed without prejudice as
23   the petition appeared to be a mixed petition and plaintiff did not amend or show the issues
     raised were exhausted. Plaintiff has not shown his conviction has been "reversed, expunged,
24   invalidated, or impugned by the grant of a writ of habeas corpus." Heck v. Humphrey, 114
     S.Ct. 2364, 2373 (1994). At this point, the court must dismiss the plaintiff's 42 U.S.C. § 1983
25   claim for failure to state a claim.

26   The court does not believe plaintiff can cure these defects, however, plaintiff should be
     given a chance to respond. Accordingly, plaintiff is **ORDERED TO SHOW CAUSE** why
27   this action should not be dismissed. Plaintiff's response to this order is due on or before
     October 7th, 2005.
28   Plaintiff has now been given the opportunity to avoid dismissal and has not responded.  Accordingly

REPORT AND RECOMMENDATION
Page - 2

1  this court recommends that this action be dismissed without prejudice as plaintiff may not seek habeas relief in

2  a civil rights action.

3                                                CONCLUSION

4         An action that seeks to challenge the validity of confinement must proceed by way of habeas with its

5  attendant exhaustion requirement.  This action must be dismissed without prejudice.   A proposed order

6  accompanies this Report and Recommendation.

7         Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the

8  parties shall have ten (10) days from service of this Report to file written objections.  *See also* Fed. R. Civ.

9  P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  <u>Thomas v.</u>

10 <u>Arn</u>, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to

11 set the matter for consideration on **December 9th, 2005**, as noted in the caption.

12

13

14        DATED this 15th day of November, 2005.

15

16                                         */S/ J. Kelley Arnold*
                                           J. Kelley Arnold
17                                         United States Magistrate Judge

18

19

20

21

22

23

24

25

26

27

28

REPORT AND RECOMMENDATION
Page - 3